## PAYNE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1920.)

No. 5399.

**Intoxicating liquors ⬥138—Carrying liquors across state line at command of officer not interstate offense.**

Where defendant, driving an automobile truck, was stopped at the entrance to an interstate bridge by an officer of the other state there stationed, who mounted the truck and commanded defendant to drive across the bridge and to the police station, where liquor was found concealed in the truck, defendant *held* not subject to conviction for interstate transportation of the liquor, under Reed Amendment, § 5 (Comp. St. 1918. Comp. St. Ann. Supp. 1919, § 8739a).

In Error to the District Court of the United States for the District of Nebraska; J. W. Woodrough, Judge.

Criminal prosecution by the United States against Ike Payne. Judgment of conviction, and defendant brings error. Reversed.

William E. Lovely, of Omaha, Neb., for plaintiff in error.

T. S. Allen, U. S. Atty., of Lincoln, Neb. (F. A. Peterson, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before SANBORN, Circuit Judge, and LEWIS and MUNGER, District Judges.

MUNGER, District Judge. Ike Payne was found guilty of transporting intoxicating liquor from Iowa into ·Nebraska, under the Act of Congress approved March 3, 1917, 39 Stat. 1069, commonly known as the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c). He has prosecuted this error proceeding from the judgment imposed.

The evidence shows that there is a highway from the city of Council Bluffs, Iowa, to the city of Omaha, Neb., and this highway crosses the Missouri river upon a bridge. There is a toll house near the east end of the bridge and another at the west end. Payne, about noon on October 8, 1918, drove an automobile truck upon the bridge from the east, and stopped at the east toll house, in Iowa, and paid his toll. A police officer of Omaha, who was also a special officer of the United States, was stationed at this toll house. He knew Payne, and Payne knew him. When Payne paid his toll, the officer asked Payne to drive on a little further, so that he could look under the seat and examine the truck for liquor. He also asked him if he had quit hauling whisky, and Payne said he had. On examination of the truck, the floor of it seemed to the officer to be too high in its position, and he told Payne that there was something wrong or funny about the truck. Payne said there was nothing wrong about it. Thereupon the officer says he said to Payne, "I will ride across with you and we will show it to Chief Briggs," that he "wanted to show the truck to Chief Briggs," and that he told him, "I will ride across with you, and we will go down and let Briggs see the truck." The officer at once entered the truck,

---

and Payne drove it across the state line and to police headquarters at Omaha. It was then found that there was a false bottom in the truck and that there was a large amount of whisky concealed between the floors.

A request of the defendant that a verdict should be directed in his favor was overruled, and is assigned as error. No transportation in interstate commerce is shown, except as it occurred after the officer stopped the truck. There is no substantial evidence that the transportation across the state line and in Nebraska was voluntary on the part of Payne. The officer had taken charge of his movements at the toll house, when he commanded Payne to drive on a little and then stop, so that he might search the vehicle for liquor. His assertion, after examining the truck, that there was something wrong with it, and that he would ride across with Payne, and that it would be shown to Chief Briggs at Omaha, was a continuance of assumed authority over the movements of the truck and its driver. Payne was not given an opportunity to return along the way he had come, nor any choice other than obedience to the officer's command to drive into Omaha. Under these circumstances, there was no voluntary and unlawful transportation of the liquor by Payne across the state boundary line into Nebraska, and it was erroneous to refuse the instruction requested.

The judgment will be reversed, and a new trial ordered.